UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TIMOTHY R. GALBRAITH, | ) | CASE NO. 4:12 CV 2720 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WARDEN COAKLEY, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

INTRODUCTION

On October 30, 2012, petitioner *pro se* Timothy R. Galbraith, an inmate at the Federal Correctional Institution at Elkton ("FCI Elkton"), filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. The petition indicates Galbraith was convicted in the United States District Court for the Western District of Michigan in 2010, pursuant to a guilty plea, of being a felon in possession of a firearm. He was sentenced to a term of 105 months incarceration. *See, United States v. Galbraith*, W.D. Mich. Case No. 1:10 CR 159. As grounds for the petition, he asserts the trial court lacked jurisdiction, and further that the trial court placed him in the wrong Criminal History Category, resulting in an excessive sentence. For the reasons stated below, this action is dismissed.

LAW AND ANALYSIS

Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 address the execution of a

sentence, while motions filed pursuant to 28 U.S.C. § 2255 test the validity of a judgment and sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Section 2255 provides in pertinent part:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief, including the denial of a previously filed section 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Rather, the "savings clause" applies when the failure to allow some form of collateral review would raise "serious constitutional questions." *Frost v. Snyder*, 13 Fed.Appx. 243, 248 (6th Cir. 2001)(unpublished disposition)(quoting *Tribesman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997)). The petitioner bears the burden of proving that the section 2255 remedy is inadequate or ineffective. *Charles*, 180 F.3d at 756 (citing *McGee v. Hagberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Galbraith seeks to raise issues that could and must be raised in a 2255 motion. The petition sets forth no reasonable suggestion of a proper basis on which to instead raise these issues pursuant 28 U.S.C. § 2241, or that "serious constitutional questions" require further consideration of his claims.[1]

CONCLUSION

Accordingly, the request to proceed *in forma pampers* is granted, and this action is dismissed

---

[1] While petitioner believes the trial judge could not be impartial in deciding a 2255 action if one were filed in his case, that concern does not confer authority on this court under § 2241 to decide the validity of his conviction and sentence.

pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

                                                     s/ David A. Katz     1/2/2013
                                                    DAVID A. KATZ
                                                    UNITED STATES DISTRICT JUDGE